## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **Aimia Proprietary Loyalty U.S., Inc.,** a Delaware corporation, )<br><br>Plaintiff, )<br>vs. )<br><br>**HelloWorld, Inc.,** a Delaware corporation, )<br>Defendant )<br>. )<br>)<br>)<br>)<br>_____ ) | **Civil Action No.:**<br><br>**Complaint for Patent Infringement**<br><br>**Jury Trial Demanded** |

Plaintiff Aimia Proprietary Loyalty U.S., Inc. ("AIMIA") for its complaint against HelloWorld, Inc., formerly known as ePrize, LLC ("HelloWorld"), states and alleges as follows:

### NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. §§ 271 and 281-285, amongst others.

2.      Plaintiff Aimia Proprietary Loyalty U.S., Inc., is the owner, by assignment, of all right, title and interest in United States Patent No. 6,039,244 (the "'244 Patent") entitled "Method of Building Up a Data Bank Containing Customer Data and/or for the Organization of a Rebate or Coupon System."  A complete and accurate copy of the '244 Patent is attached as Exhibit A.

3.      As set forth below, Defendant HelloWorld has infringed the '244 Patent.

## PARTIES

4.    Plaintiff Aimia Proprietary Loyalty U.S., Inc., is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 100 North Sixth Street, Suite 700B, Minneapolis, MN 55403.  Plaintiff Aimia Proprietary Loyalty U.S., Inc. has operations within the State of Michigan including an office at 2800 Livernois, Suite 600, Troy, Michigan 48083 and over 100 employees in the State of Michigan.

5.    Plaintiff Aimia Proprietary Loyalty U.S., Inc., is one of the largest marketing firms in the United States and provides marketing services that revolve around assisting clients in building relationships with employees, partners, and consumers as part of their efforts to increase sales.

6.    Defendant HelloWorld is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at One ePrize Drive, Pleasant Ridge, Michigan 48069.

7.    Defendant HelloWorld manufactures, markets and sells products for use throughout the United States, including in Michigan and within this judicial district. Upon further information and belief, Defendant HelloWorld manufactures, markets and sells online reward programs under various names.

## JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction over this matter pursuant to 35 U.S.C. §§ 271 and 281-285, as well as 28 U.S.C. §§ 1331 and 1338(a), amongst others.

9.     This Court has personal jurisdiction over HelloWorld. Upon information and belief, HelloWorld principal place of business is in within this district in the State of Michigan. As such, HelloWorld has purposefully availed itself of the privilege of conducting business within this judicial district and has established sufficient minimum contacts such that they should reasonably and fairly anticipate being hailed into court in this judicial district.

10.     This Court has personal jurisdiction over HelloWorld because HelloWorld has conducted and continues to conduct business within the State of Michigan. Upon information and belief, HelloWorld, directly or through intermediaries, operates, maintains, sells, advertises and offers for sale products, such as promotional rewards programs, in the United States, in the State of Michigan, and the Eastern District of Michigan. HelloWorld has performed infringing acts in the State of Michigan, and more particularly, within the Eastern District of Michigan. HelloWorld has committed these acts of patent infringement within the State of Michigan, and more particularly, within the Eastern District of Michigan.

11.     The Court has personal jurisdiction over HelloWorld, and venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, HelloWorld has substantial contacts with this forum as a result of pervasive business activities conducted within the State of Michigan and within this judicial district, including, but not limited, to the execution of the promotional rewards program, including the Michigan Lottery Player's Club Program.

## FACTUAL BACKGROUND

12.    HelloWorld used to operate under the business name, ePrize, LLC. Operating as ePrize, LLC, HelloWorld operated various loyalty rewards programs for other entities. At least as early as 2006, HelloWorld learned of the '244 Patent.

13.    HelloWorld, conducting business as ePrize, LLC, entered into several licenses for the '244 Patent for various loyalty rewards programs it was conducting, operating, and/or maintaining for its clients. These licenses were for those specific reward programs, and not a general license for any future client or reward program that HelloWorld may own, operate, or maintain. During the course of these negotiations for these licenses, HelloWorld became aware of the '244 Patent and the scope of its claims.

14.    In these license agreements, HelloWorld acknowledged and recognized the validity of the '244 Patent and that those reward programs infringed, and thus necessitated, license to the '244 Patent. At no time during these proceedings did HelloWorld challenge the validity or infringement of the rewards programs in district court or a proceeding in the United States Patent and Trademark Office.

15.    HelloWorld operates and maintains—or controls and directs the operation and maintenance of—the Michigan Lottery Player's Club Program and its accompanying website, http:// https://www.michiganlottery.com/players_club.

16.    The Michigan Lottery Player's Club Program is an Internet-based rewards program that allows participants to accumulate reward points in various ways. One way of earning points includes purchasing certain qualifying Michigan lottery tickets and entering the unique concealed code affixed on the participating products. Accumulated points earned from the purchases of such products may be redeemed by participants for a

variety of rewards on the program's website.   The Michigan Lottery Player's Club Program is a promotional and incentive-based program to increase customer loyalty and sales of participating products, amongst other reasons.

17.     Beginning at least in 2010, HelloWorld operated the infringing Michigan Lottery Player's Club Program throughout the United States, including within this District, without license from Aimia.

18.     Despite having full knowledge of the '244 Patent and the scope of the claims for at least 9 years, HelloWorld failed to seek a license for the Michigan Lottery Player's Club Program at any point in time, including before the launch of the program and during its operations.

19.     Upon learning of the Michigan Lottery Player's Club Program, Aimia contacted HelloWorld in October 2014 demanding that HelloWorld enter into a license for the '244 Patent for the Michigan Lottery Player's Club Program.   During these correspondences, Aimia produced infringement charts which were shared with HelloWorld regarding infringement of the '244 Patent by the Michigan Lottery Player's Club Program.   See Exhibit B.

20.     HelloWorld refused to enter into a license for the '244 Patent for the Michigan Lottery Player's Club Program.

## COUNT I - PATENT INFRINGEMENT
## OF UNITED STATES PATENT NO. 6,039,244

21.    Aimia hereby restates and realleges the allegations set forth above in Paragraphs 1 through 14 and incorporates them by reference.

22.    HelloWorld operates and maintains the Michigan Lottery Player's Club Program.  The Michigan Lottery Player's Club Program employs a method of using unique concealed codes concealed and affixed on participating products for the loyalty rewards program.

23.    Upon information and belief, State of Michigan may operate some or all of the steps and operations related to the Michigan Lottery Player's Club Program.  Upon further information and belief, State of Michigan performs its actions under the direction and control of HelloWorld for the benefit of HelloWorld.

24.    HelloWorld has infringed and continue to infringes one or more claims of the '244 patent under 35 U.S.C. §271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States and/or importing into the United States, products and or methods encompassed in at least claim 1 of the '244 patent, including for example, by making, using, selling, offering for sale, and/or importing a rewards program.

25.    HelloWorld directs and controls State of Michigan related to the operation and performance of the Michigan Lottery Player's Club Program.  HelloWorld is the mastermind in the scheme to operate the Michigan Lottery Player's Club Program.  On information and belief, HelloWorld may direct and control the action of State of

Michigan through contractual or agency relationships to operate the Michigan Lottery Player's Club Program. HelloWorld and State of Michigan act in concert to operate the Michigan Lottery Player's Club Program in order for HelloWorld to receive a financial benefit for the operation of the Michigan Lottery Player's Club Program. Thus, HelloWorld's actions directly infringe one or more claims of the '244 Patent.

26.     HelloWorld does not have a license or permission to use the claimed subject matter in the '244 Patent for the operation of the Michigan Lottery Player's Club Program.

27.     The infringement by HelloWorld of the '244 Patent has injured Aimia, and will caused irreparable injury and damage. HelloWorld  is liable to Aimia in an amount that adequately compensates it for its infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

28.     At least as early as October 2014, HelloWorld has willfully infringed the '244 Patent. HelloWorld has acted with objective recklessness because it has been aware of the '244 Patent and the scope of its claims since at least 2006. HelloWorld was aware of the '244 Patent when it began operating and maintaining the Michigan Lottery Player's Club Program, but did not seek a license to the '244 Patent. Upon information and belief, HelloWorld knew that the Michigan Lottery Player's Club Program did not operate in any meaningfully different manner as to the '244 Patent as the other rewards programs for which it sought and obtained a license to the '244 Patent. HelloWorld knew

that its actions related to the Michigan Lottery Player's Club Program constituted infringement of the '244 Patent.

29.     HelloWorld's actions were done at an unjustifiably high risk of infringement because HelloWorld committed the acts despite having a long history and knowledge of the '244 Patent.  Moreover, HelloWorld had acknowledged the validity of the '244 Patent several times in the past.  HelloWorld knew or should have known that its operating and maintaining the Michigan Lottery Player's Club Program infringed the '244 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Aimia respectfully requests that the Court find in its favor and enter judgment against HelloWorld as follows:

a.     That the Court enter judgment in Aimia's favor and against HelloWorld on Count I of the Complaint;

b.     That HelloWorld be found to have infringed the '244 Patent in violation of 35 U.S.C. § 271;

c.     That HelloWorld pay Aimia all damages which are available pursuant to 35 U.S.C. § 284;

d.     That an injunction, temporary and/or permanent, issue enjoining HelloWorld and its agents, servants, officers, directors, employees, parent companies, subsidiaries, affiliates, joint venturers, and all persons acting in concert with them, directly or indirectly, from infringing, inducing others to infringe, or contributing to the infringement of the '244 Patent;

e.      If a permanent injunction is not granted, a judicial determination of the conditions for future infringement such as a royalty-bearing compulsory license or such other relief as the Court deems appropriate;

f.      That HelloWorld be ordered to make an accounting of its codes, participants, sales, profits, royalties, and damages owed to Aimia, including a post-judgment equitable accounting of damages for the period of infringement of the '244 Patent following the period of damages established by Aimia at trial;

g.      A finding that this case is exceptional pursuant to 35 U.S.C. § 285;

h.      That HelloWorld pay Aimia's attorneys' fees pursuant to 35 U.S.C. § 285;

i.      That HelloWorld pay pre-judgment and post-judgment interest;

j.      That Aimia be awarded its costs, fees, and expenses in this action; and

k.      That Aimia be awarded any such other and further relief provided in law and equity.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Aimia respectfully requests a trial by jury of any and all issues on which a trial by jury is available under applicable law.

**Law Office of Alan Lowenthal**

Date:  November 20, 2015

/s/ Alan Lowenthal_____
Alan Lowenthal (MI P75091)

88 Kercheval Ave.; Suite 100-4
Grosse Pointe Farms, MI 48236
(313) 618-7447
Email: alan@lowenthallegal.com

**ROBINS KAPLAN L.L.P.**

Martin R. Lueck (pro hac pending)
Ryan M. Schultz (pro hac pending)
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

ATTORNEYS FOR PLAINTIFF AIMIA
PROPRIETARY LOYALTY U.S., INC.

Exhibit A – United States Patent No. 6,039,244
Exhibit B – Screenshot of the Michigan Lottery Player's Club Program